## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MONSTER ENERGY COMPANY,<br>a Delaware corporation, | ) ) | Civil Action No. 13-cv-15127 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| KARMA'S CLOSET, LLC, | ) | |
| a Michigan limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Monster Energy Company ("MEC"), a Delaware corporation, by and through its undersigned attorneys, files this Complaint against Defendant Karma's Closet, LLC ("Defendant").

## JURISDICTION AND VENUE

1.     This is an action for: (a) trademark infringement under 15 U.S.C. § 1114; (b) trademark counterfeiting under 15 U.S.C. § 1114; (c) federal dilution arising under 15 U.S.C. § 1125(c); (d) false designation of origin arising under 15 U.S.C. § 1125(a); (e) copyright infringement arising under 17 U.S.C. §§ 501, *et seq.*; and (f) unfair competition arising under the common law of the State of Michigan.

Detroit_3062118_2

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

3.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), as the Defendant resides in Michigan and does business in this Judicial District.  Further, a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

4.      Plaintiff Monster Energy Company is a Delaware corporation having its principal place of business at 1 Monster Way, Corona, California 92879.

5.      MEC is informed and believes, and on that basis alleges, that Defendant Karma's Closet, LLC is a Michigan limited liability company having places of business at 105 Sand Creek Highway, Adrian, Michigan 48183 and at 174 S. Main Street, Brooklyn, Michigan 49230.

6.      The Defendant is subject to the general and specific jurisdiction of this Court by virtue of its substantial contacts with Michigan, including its participation in the acts and events occurring in this Judicial District described herein.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

- 2 -

A.    **MEC's Trademarks and Copyrights**

7.    MEC is a nationwide leader in the business of designing and selling beverages, including energy drinks.

8.    In 2002, long before Defendant's acts described herein, MEC launched its MONSTER ENERGY® drink brand, bearing its now famous ⚡ mark ("Claw Icon Mark") in a green color on a black background as shown below.



9.    MEC's successful line of MONSTER™ drinks has now grown to include numerous other well-known products, including, but not limited to, Lo-Carb Monster Energy, Monster Energy Absolutely Zero, Monster Cuba-Lima, Übermonster, Monster Energy Import, Monster Assault, Monster Khaos, Monster M-80, M3 Monster Energy, Monster Energy Zero Ultra, Monster Energy Ultra Blue, Monster Energy Ultra Red, Monster Baller's Blend, Monster Mad Dog, Java

- 3 -

Monster, Monster Rehab, Muscle Monster, and Monster Energy Extra Strength Nitrous Technology.

10.    Since MEC's launch of the original MONSTER ENERGY® drink in 2002, and long before Defendant's acts described herein, MEC has continuously used marks that incorporate its famous Claw Icon Mark and MONSTER ENERGY mark, each individually or in combination with other terms or marks.

11.    Long before Defendant's acts described herein, MEC also has used, and continues to use, its Claw Icon Mark and/or MONSTER ENERGY mark in connection with clothing, including, for example, t-shirts, hooded shirts, hooded sweatshirts, sweatshirts, jackets, pants, bandanas, sweat bands, gloves and headgear, and accessories, including, for example, lanyards.  True and correct examples of authorized apparel and accessories bearing MEC's Claw Icon Mark and/or MONSTER ENERGY mark are shown below.

  

Detroit_3062118_2



Detroit_3062118_2

 

12.     MEC is the owner of numerous trademark registrations for marks that incorporate its famous Claw Icon Mark, and many of which also include its famous MONSTER ENERGY mark, including the following U.S. Trademark Registrations:

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | 2,903,214 | Drinks, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, | 05/07/2003 | 11/16/2004 |

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | | |
|  | 3,434,821 | Nutritional supplements | 09/07/2007 | 05/27/2008 |
|  | 3,434,822 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/07/2007 | 05/27/2008 |
|  | 3,963,668 | Stickers; sticker kits comprising stickers and decals; decals; posters | 07/28/2010 | 05/17/2011 |
|  | 3,963,669 | All purpose sport bags; all-purpose carrying bags; backpacks; duffel bags | 07/28/2010 | 05/17/2011 |

- 7 -

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,011,301 | Sports helmets; video recordings featuring sports, extreme sports, and motor sports | 07/27/2010 | 08/16/2011 |
|  | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies | 07/28/2010 | 11/08/2011 |
|  | 4,332,062 | Silicone wrist bands; Silicone bracelets; Jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |
|  | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding | 05/07/2003 | 08/29/2006 |

- 8 -

Detroit_3062118_2

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | | |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 04/02/2009 | 01/18/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |

Detroit_3062118_2

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags | 04/02/2009 | 02/22/2011 |

13.     MEC is also the owner of numerous other trademark registrations for its famous MONSTER ENERGY mark, including the following U.S. Trademark Registrations:

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER ENERGY | 3,044,315 | nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 5/23/03 | 01/17/2006 |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, | 04/18/02 | 02/07/2006 |

- 10 -

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | | |
| MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not. | 05/07/03 | 08/29/2006 |
| MONSTER | 4,036,680 | Nutritional supplements in | 09/11/07 | 10/11/2011 |

| MARK | REG. NUMBER | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| ENERGY | | liquid form | | |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/11/07 | 10/11/2011 |

14.     Attached hereto as Exhibits A1-A18 are true and correct copies of MEC's trademark registrations identified in Paragraphs 12 and 13 of this Complaint.

15.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 2,903,214 is now incontestable.

16.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 3,134,841 is now incontestable.

17.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 3,434,822 is now incontestable.

18.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 3,434,821 is now incontestable.

Detroit_3062118_2

19.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 3,044,315 is now incontestable.

20.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 3,057,061 is now incontestable.

21.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration No. 3,134,842 is now incontestable.

22.     In addition, MEC is the owner of valid copyright registrations for its Claw Icon and can art and packaging designs featuring its Claw Icon Mark, including at least U.S. Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215, and VA 1-780-900.  Attached hereto as Exhibits "B" through "E" are true and correct copies of MEC's copyright registrations.

23.     The containers of MEC's MONSTER™ line of energy drinks are prominently marked with MEC's Claw Icon Mark and many are also marked with MEC's MONSTER ENERGY mark.  Since 2002, MEC has spent well over a billion dollars on promoting, advertising and marketing its MONSTER™ brand. MEC's promotional efforts include – by way of example but not limitation – substantial print media, internet advertising, point of sale materials, sponsorship of athletes, sponsorship of live and televised events, contests, music concerts and attendance at trade shows.  MEC's Claw Icon Mark and/or the MONSTER

- 13 -

ENERGY mark are prominently featured in MEC's advertisements and promotions for its MONSTER™ line of energy drinks.

24.     Shown below are true and accurate representative pictures illustrating a few of MEC's MONSTER™ family of products bearing its famous Claw Icon Mark and many of which also bear the MONSTER ENERGY mark:



25.     As seen in these pictures, each of MEC's MONSTER™ products prominently displays the Claw Icon Mark.  Many of the MONSTER™ products also prominently display the MONSTER ENERGY mark.  Since the initial launch of its original MONSTER ENERGY® drink in 2002, MEC has continually used its Claw Icon Mark and its MONSTER ENERGY mark in connection with its MONSTER™ family of products and in extensive and widespread promotional, advertising and marketing activities relating to those products.

- 14 -

26.     MEC's MONSTER™ brand energy drinks have been tremendously successful, with estimated retail sales totaling approximately five billion dollars (US$5,000,000,000) per year.  MEC also sponsors over 200 extreme sports athletes and athletic events in connection with its MONSTER ENERGY® drinks, bearing the Claw Icon Mark and/or the MONSTER ENERGY mark.  Many of these athletes promote the MONSTER ENERGY® products bearing the Claw Icon Mark and/or MONSTER ENERGY mark on their clothing, uniform, and gear as shown, for example, below.




- 15 -



27.     As a result of MEC's substantial use and promotion of its Claw Icon Mark and MONSTER ENERGY mark in connection with its MONSTER™ line of products, its Claw Icon Mark and MONSTER ENERGY mark have acquired great value as specific identifiers of MEC's products and serve to identify and distinguish MEC's MONSTER™ line of products from those of others.  Customers in this Judicial District and elsewhere readily recognize each of the MEC's Claw Icon Mark and the MONSTER ENERGY mark as a distinctive designation of the origin of MEC's MONSTER™ and MONSTER ENERGY® brand drinks, clothing products, sports bags and backpacks, sports gear and other products.  The Claw Icon Mark and MONSTER ENERGY mark are intellectual property assets of

Detroit_3062118_2

enormous value as symbols of MEC and its quality products, reputation and goodwill.

**B.**     **Defendant's Infringement of the Claw Icon Mark and MONSTER ENERGY mark**

28.     MEC is informed and believes, and on that basis alleges, that Defendant owns and operates retail stores that sell, among other things, clothing and apparel related accessories.

29.     At no time has MEC ever given Defendant a license, permission or authority to use or display MEC's Claw Icon Mark or MONSTER ENERGY mark on any of Defendant's products.

30.     Without permission or consent from MEC, Defendant is offering for sale, marketing and/or selling items (the "Accused Products"), such as clothing and accessories (including, for example, lanyards), unlawfully bearing marks that are essentially identical to MEC's Claw Icon Mark and MONSTER ENERGY mark. Examples of some of Defendant's Accused Products are shown below:

- 17 -




31.     Defendant's products prominently display imitations of MEC's Claw Icon Mark and MONSTER ENERGY mark.

32.     MEC is informed and believes, and on that basis alleges, that Defendant is using MEC's Claw Icon Mark and MONSTER ENERGY mark in an attempt to falsely associate its Accused Products with MEC or to otherwise trade upon MEC's valuable reputation and customer good will in its Claw Icon Mark and MONSTER ENERGY mark, and MEC's high quality products sold in connection with its marks.

33.     MEC is informed and believes, and on that basis alleges, that Defendant's use of MEC's Claw Icon Mark and MONSTER ENERGY mark is

Detroit_3062118_2

designed and intended to cause confusion, mistake or deception as to the source of Defendant's Accused Products.

34.    MEC is informed and believes, and on that basis alleges, that it is Defendant's purpose to cause consumers and potential customers to believe that Defendant's Accused Products are associated with MEC or MEC's MONSTER™ family of products when, in truth and fact, they are not.

35.    By virtue of the acts complained of herein, Defendant has created a likelihood of injury to MEC's business reputation and goodwill, caused a likelihood of consumer confusion, mistake and deception as to the source of origin or relationship of MEC's and Defendant's goods, and has otherwise competed unfairly with MEC by unlawfully trading on and using MEC's Claw Icon Mark and MONSTER ENERGY mark without MEC's permission or consent.

36.    This is not the first time that Defendant has infringed MEC's trademark and other intellectual property rights.  MEC previously notified Defendant in 2012 that Defendant was selling items, including clothing, hats, blankets, and towels, that bore unauthorized copies of MEC's Claw Icon Mark and MONSTER ENERGY mark and requested, among other things, that Defendant stop selling those items.  Examples of some of the items Defendant previously sold

Detroit_3062118_2

or offered for sale that bore unauthorized copies of MEC's Claw Icon Mark and/or

MONSTER ENERGY mark are shown below:



    37.   In response to MEC's prior request made in 2012, Defendant's

President, Debra Warner, ultimately signed a declaration under penalty of perjury

stating that Defendant agreed in the future that it would refrain from any and all

unauthorized use of MEC's materials and MEC's Monster, Monster Energy, and

Claw Icon Marks and copyrighted logo in any form.  Notwithstanding that sworn

statement, Defendant thereafter sold the items identified in this Complaint bearing

marks that are essentially identical to MEC's Claw Icon Mark and MONSTER

ENERGY mark.

    38.   MEC is informed and believes, and on that basis alleges, that

Defendant's acts complained of herein are willful and deliberate.

- 20 -

39.     Defendant's acts complained of herein have caused damage to MEC in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.  Defendant's acts complained of herein also have caused MEC to suffer irreparable injury to its business.  MEC will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## COUNT I

### (Trademark Infringement Under 15 U.S.C. § 1114)

40.     MEC realleges Paragraphs 1-39 of this Complaint, as if fully set forth herein.

41.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

42.     Defendant has used in commerce, without permission of MEC, reproductions, copies or colorable imitations of at least MEC's marks that are the subject of MEC's U.S. Trademark Registration Nos. 3,908,601 and 4,051,650 in connection with the manufacturing, distributing, selling, offering for sale, advertising, and/or promoting of Defendant's Accused Products.  Such use is likely to cause confusion, or to cause mistake, or to deceive.

- 21 -

43.     MEC is informed and believes, and on that basis alleges, that Defendant infringed these registered trademarks with the intent to unfairly compete against MEC, to trade upon MEC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's Accused Products are associated with, sponsored by, originated from, or are approved by MEC, when in truth and fact they are not.

44.     MEC is informed and believes, and on that basis alleges, that Defendant had actual knowledge of MEC's ownership and prior use of MEC's registered marks, and without the consent of MEC, has willfully and intentionally violated 15 U.S.C. § 1114.  MEC is further informed and believes, and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

45.     Defendant, by its actions, has irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

Detroit_3062118_2

## COUNT II

### (Trademark Counterfeiting Under 15 U.S.C. § 1114)

46.    MEC realleges Paragraphs 1-45 of this Complaint, as if fully set forth herein.

47.    This is a claim for trademark counterfeiting arising under 15 U.S.C. § 1114.

48.    Defendant has used in commerce, without permission of MEC, marks that are identical to, or substantially indistinguishable from, at least the marks that are the subject of MEC's U.S. Trademark Registration Nos. 3,908,601 and 4,051,650 in connection with the manufacturing, distributing, selling, offering for sale, advertising, and/or promoting of Defendant's Accused Products.  Such use is likely to cause confusion, or to cause mistake, or to deceive.

49.    MEC is informed and believes, and on that basis alleges, that Defendant has used the marks in connection with the Accused Products knowing they are counterfeit.  MEC is informed and believes, and on that basis alleges, that the activities of Defendant complained of herein constitute willful and intentional trademark counterfeiting, and that Defendant did so with the intent to unfairly compete against MEC, to trade upon MEC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public

Detroit_3062118_2

into believing that Defendant's Accused Products are associated with, sponsored by, originated from, or are approved by MEC, when in truth and fact they are not.

50.     MEC is informed and believes, and on that basis alleges, that Defendant had actual knowledge of MEC's ownership and prior use of MEC's registered marks, and without the consent of MEC, has willfully and intentionally violated 15 U.S.C. § 1114.  MEC is further informed and believes, and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

51.     Defendant, by its actions, has irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## COUNT III

### (Federal Dilution of the Claw Icon Mark and MONSTER ENERGY mark Under 15 U.S.C. § 1125(c))

52.     MEC hereby realleges Paragraphs 1-51 of this Complaint, as if fully set forth herein.

53.     This is a claim for federal trademark dilution arising under 15 U.S.C. § 1125(c).

- 24 -

54. MEC's Claw Icon Mark and MONSTER ENERGY mark are famous, and became so prior to Defendant's acts complained of herein.

55. Defendant's unauthorized commercial use of MEC's Claw Icon Mark and MONSTER ENERGY mark in connection with the advertisement, offering for sale and sale of Defendant's Accused Products has caused and is likely to continue to cause dilution of the distinctive qualities of the famous Claw Icon Mark and MONSTER ENERGY mark.

56. Defendant's acts are likely to tarnish, injure, or trade upon MEC's business, reputation or goodwill, and to deprive MEC of the ability to control the use of its Claw Icon Mark and MONSTER ENERGY mark, and quality of products associated therewith.

57. MEC is informed and believes, and on that basis alleges, that Defendant's dilution has been willful and deliberate.

58. Defendant, by its actions, has irreparably injured MEC and damaged MEC in an amount to be determined at trial. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

Detroit_3062118_2

## COUNT IV

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

59.     MEC hereby realleges Paragraphs 1-58 of this Complaint, as if fully set forth herein.

60.     This is a claim for false designation of origin arising under 15 U.S.C. § 1125(a).

61.     Without MEC's consent, Defendant has created and will create a false designation of origin by using in commerce, MEC's Claw Icon Mark and MONSTER ENERGY mark, and other marks substantially identical or confusingly similar to those Marks, in connection with the advertising, offering for sale, distributing, and/or sale of Defendant's Accused Products, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with MEC or to suggest MEC as the origin of the goods and/or services or that MEC has sponsored or approved Defendant's Accused Products or commercial activities.

62.     MEC is informed and believes, and on that basis alleges, that Defendant did so with the intent to compete against MEC, to trade upon MEC's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's Accused

Detroit_3062118_2

Products are associated with, sponsored by or approved by MEC, when in truth and fact they are not.

63.   MEC is informed and believes, and on that basis alleges, that Defendant had actual knowledge of MEC's ownership and prior use of its Claw Icon Mark and MONSTER ENERGY mark, and has willfully and deliberately violated 15 U.S.C. § 1125(a).

64.   Defendant, by its actions, has irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## COUNT V

### (Copyright Infringement Under 17 U.S.C. § 501)

65.   MEC realleges Paragraphs 1-64 of this Complaint, as if fully set forth herein.

66.   This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

67.   MEC is the owner of valid and enforceable copyrights in the Claw Icon Mark, can art and packaging, which contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.* ("Copyrighted Works").

- 27 -

68.    MEC has complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Works, and has obtained Copyright Registration Nos. VA 1-727-577, VA 1-737-654, VA 1-749-215 and VA 1-789-900.

69.    Defendant's deliberate copying of MEC's Copyrighted Works infringes and continues to infringe MEC's copyrights in violation of 17 U.S.C. § 501(a).  Defendant is directly infringing on MEC's exclusive right to reproduce copies, make derivative works and distribute copies of its Copyrighted Works under 17 U.S.C. §§ 106(1)–(3).

70.    MEC is informed and believes, and on that basis alleges, that Defendant's infringement has been willful and deliberate.

71.    Defendant, by its actions, has irreparably injured MEC and damaged MEC in an amount to be determined at trial.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

## <u>COUNT VI</u>

### (Michigan Common Law Unfair Competition)

72.    MEC realleges Paragraphs 1-71 of this Complaint, as if fully set forth herein.

Detroit_3062118_2

73.     This is an action for unfair competition arising under the common law of the state of Michigan.

74.     By virtue of the acts complained of herein, Defendant has intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with MEC in violation of the common law of the state of Michigan.

75.     By its actions, Defendant has injured and violated the rights of MEC in an amount to be determined at trial.

76.     By its actions, Defendant has irreparably injured MEC.  Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of MEC's rights, for which MEC has no adequate remedy at law.

77.     Defendant's willful acts of unfair competition under Michigan common law constitute fraud, oppression and malice.  Accordingly, MEC is entitled to exemplary damages.

Detroit_3062118_2

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MEC respectfully requests the Court to award MEC the following relief:

A.     That the Court render a final judgment in favor of MEC and against Defendant on all claims for relief herein;

B.     That the Court render a final judgment declaring that Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing and counterfeiting MEC's federally registered Claw Icon Mark that is the subject of at least MEC's U.S. Trademark Registration Nos. 3,908,601 and 4,051,650;

C.     That the Court render a final judgment declaring that Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting MEC's famous Claw Icon Mark and MONSTER ENERGY mark;

D.     That the Court render a final judgment declaring that Defendant has violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by infringing MEC's Claw Icon Mark and MONSTER ENERGY mark through the marketing, sale and promotion of Defendant's Accused Products;

E.     That the Court render a final judgment declaring that Defendant has violated 17 U.S.C. § 501(a) by infringing MEC's Copyrighted Works;

- 30 -

F.      The Court render a final judgment declaring that Defendant has violated Michigan common law by unfairly competing with MEC;

G.      That Defendant, any officers, principals, agents, servants, employees, attorneys, successors, and assigns and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith temporarily, preliminarily and permanently enjoined from:

a.      using MEC's Claw Icon Mark or MONSTER ENERGY mark in connection with Defendant's goods or services, in advertising, promoting, selling or offering to sell Defendant's goods or services, and/or using confusingly similar variations of MEC's Claw Icon Mark or MONSTER ENERGY mark in any manner that is likely to create the impression that Defendant's goods or services originate from MEC, are endorsed by MEC, or are connected in any way with MEC;

b.      manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing the Claw Icon Mark or MONSTER ENERGY mark, and/or any confusingly similar marks;

c.      copying, reproducing, distributing, displaying, creating derivative works of MEC's copyrighted Claw Icon design and/or copyrighted beverage packaging designs and/or importing, manufacturing, or producing any products bearing copies of MEC's copyrighted Claw Icon design and/or copyrighted can designs;

d.      otherwise infringing or diluting MEC's Claw Icon Mark, MONSTER ENERGY mark, and/or any of MEC's other trademarks;

e.      falsely designating the origin of Defendant's goods or services;

f.      unfairly competing with MEC in any manner whatsoever; and

g.      causing a likelihood of confusion or injury to MEC's business reputation.

H.      That Defendant be directed to file with this Court and serve on MEC within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

I.      That Defendant be required to deliver and destroy all literature, advertising, goods, and other materials bearing the infringing marks pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

Detroit_3062118_2

J.      That Defendant be required to account to MEC for any and all profits derived by Defendant and all damages sustained by MEC by virtue of Defendant's acts complained of herein;

K.      That Defendant be ordered to pay over to MEC all damages MEC has sustained as a consequence of the acts complained of herein, subject to proof at trial;

L.      That MEC be awarded damages pursuant to 15 U.S.C. § 1117(a), together with prejudgment and post-judgment interest.  Alternatively, if MEC elects, that MEC be awarded statutory damages for use of counterfeit marks pursuant to 15 U.S.C. § 1117(c);

M.      That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117(a);

N.      That the amount of damages be trebled for intentional use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b);

O.      That Defendant's actions be deemed willful;

P.      That MEC be awarded its damages and Defendant's profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504.

Detroit_3062118_2

Alternatively, if MEC elects, that MEC be awarded statutory damages pursuant to 17 U.S.C. § 504;

Q.     That an award of reasonable costs, expenses and attorneys' fees be awarded to MEC pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504;

R.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BODMAN PLC

By: /s/ Alan N. Harris
        Alan N. Harris (P56324)
        James J. Carty (P74978)
201 S. Division Street, Suite 400
Ann Arbor, Michigan 48104
aharris@bodmanlaw.com
(734) 761-3780

KNOBBE, MARTENS, OLSON &
BEAR, LLP
        Lynda Zadra-Symes
        Matthew Bellinger

        (admission pending)
2040 Main Street, 14th Floor
Irvine, CA 92614.
lynda.zadrasymes@knobbe.com
matt.bellinger@knobbe.com
(949) 760-0404

Attorneys for Plaintiff
Dated: December 18, 2013          MONSTER ENERGY COMPANY

Detroit_3062118_2

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff MEC demands a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

BODMAN PLC

By: /s/ Alan N. Harris
      Alan N. Harris (P56324)
      James J. Carty (P74978)
201 S. Division Street, Suite 400
Ann Arbor, Michigan 48104
aharris@bodmanlaw.com
(734) 761-3780

KNOBBE, MARTENS, OLSON &
BEAR, LLP
      Lynda Zadra-Symes
      Matthew Bellinger
      (admission pending)
2040 Main Street, 14th Floor
Irvine, CA 92614
lynda.zadrasymes@knobbe.com
matt.bellinger@knobbe.com
(949) 760-0404

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

Dated: December 18, 2013

Detroit_3062118_2